1 | Stephen M. Doniger (SBN 179314)
2 | stephen@donigerlawfirm.com
  | Scott A. Burroughs (SBN 235718)
3 | scott@donigerlawfirm.com
4 | Trevor W. Barrett (SBN 287174)
  | tbarrett@donigerlawfirm.com
5 | DONIGER / BURROUGHS
6 | 603 Rose Avenue
  | Venice, California 90291
7 | Telephone: (310) 590-1820
8 | Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLD VALUE INTERNATIONAL TEXTILE, INC., | Case No.: 15-CV-09675-DSF-AS |
| | *Honorable Dale S. Fischer Presiding* |
| Plaintiff, | *Referred to Honorable Alka Sagar* |
| | DISCOVERY MATTER |
| v. | |
| | **AMENDED STIPULATED PROTECTIVE ORDER** |
| WINSTON WHITE, LLC, et al., | |
| Defendants. | |

Pursuant to Fed.R.Civ.P. 26(c), the parties to this lawsuit, through undersigned counsel, jointly submit this Stipulated Protective Order to govern the handling of information and materials produced in the course of discovery or filed with the Court in this action.

1. A.  PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public

disclosure and from use for any purpose other than prosecuting and defending this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### B. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution and defense of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted

1 reasonable necessary uses of such material in preparation for and in the conduct of

2 trial, to address their handling at the end of the litigation, and serve the ends of

3 justice, a protective order for such information is justified in this matter.  It is the

4 intent of the parties that information will not be designated as confidential for

5 tactical reasons and that nothing be so designated without a good faith belief that it

6 has been maintained in a confidential, non-public manner, and there is good cause

7 why it should not be part of the public record of this case.

8

9     2.   <u>DEFINITIONS</u>

10     2.1 Action: this pending federal law suit – *Gold Value International Textile,*

11 *Inc. v. Winston White, LLC*, CD.Cal. Case No. 15-CV-09675-DSF-AS.

12     2.2.   "ATTORNEYS' EYES ONLY" Information or Items: extremely

13 sensitive Disclosure or Discovery Materia, disclosure of which to another Party or

14 Non-Party would create a substantial risk of serious harm that could not be avoided

15 by less restrictive means.

16     2.2 Challenging Party:  a Party or Non-Party that challenges the designation

17 of information or items under this Order.

18     2.3 "CONFIDENTIAL" Information or Items:  information (regardless of

19 how it is generated, stored or maintained) or tangible things that qualify for

20 protection under Federal Rule of Civil Procedure 26(c), and as specified above in

21 the Good Cause Statement.

22     2.4 Counsel:  Outside Counsel of Record and House Counsel (as well as

23 their support staff).

24     2.5 Designating Party:  a Party or Non-Party that designates information or

25 items that it produces in disclosures or in responses to discovery as

26 "CONFIDENTIAL"  or "ATTORNEYS' EYES ONLY".

27     2.6 Disclosure or Discovery Material:  all items or information, regardless of

28 the medium or manner in which it is generated, stored, or maintained (including,

1  among other things, testimony, transcripts, and tangible things), that are produced

2  or generated in disclosures or responses to discovery in this matter.

3      2.7 Expert:  a person with specialized knowledge or experience in a matter

4  pertinent to the litigation who has been retained by a Party or its counsel to serve

5  as an expert witness or as a consultant in this Action.

6      2.8 House Counsel:  attorneys who are employees of a party to this Action.

7  House Counsel does not include Outside Counsel of Record or any other outside

8  counsel.

9      2.9 Non-Party:  any natural person, partnership, corporation, association, or

10  other legal entity not named as a Party to this action.

11      2.10 Outside Counsel of Record:  attorneys who are not employees of a

12  party to this Action but are retained to represent or advise a party to this Action

13  and have appeared in this Action on behalf of that party or are affiliated with a law

14  firm which has appeared on behalf of that party, and includes support staff.

15      2.11 Party:  any party to this Action, including all of its officers, directors,

16  employees, consultants, retained experts, and Outside Counsel of Record (and their

17  support staffs).

18      2.12 Producing Party:  a Party or Non-Party that produces Disclosure or

19  Discovery Material in this Action.

20      2.13 Professional Vendors:  persons or entities that provide litigation support

21  services (e.g., photocopying, videotaping, translating, preparing exhibits or

22  demonstrations, and organizing, storing, or retrieving data in any form or medium)

23  and their employees and subcontractors.

24      2.14 Protected Material:  any Disclosure or Discovery Material that is

25  designated as "CONFIDENTIAL,"  or as "ATTORNEYS' EYES ONLY."

26      2.15 Receiving Party:  a Party that receives Disclosure or Discovery

27  Material from a Producing Party.

28

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.    DURATION

Once a case proceeds to trial, all of the information that was designated as confidential or maintained pursuant to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006)  (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

5.    DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or

5

1  written communications that qualify so that other portions of the material,

2  documents, items, or communications for which protection is not warranted are not

3  swept unjustifiably within the ambit of this Order.

4         Mass, indiscriminate, or routinized designations are prohibited. Designations

5  that are shown to be clearly unjustified or that have been made for an improper

6  purpose (e.g., to unnecessarily encumber the case development process or to

7  impose unnecessary expenses and burdens on other parties) may expose the

8  Designating Party to sanctions.

9         If it comes to a Designating Party's attention that information or items that it

10 designated for protection do not qualify for protection, that Designating Party must

11 promptly notify all other Parties that it is withdrawing the inapplicable designation.

12        5.2     Manner and Timing of Designations.  Except as otherwise provided in

13 this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

14 stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

15 under this Order must be clearly so designated before the material is disclosed or

16 produced.

17        Designation in conformity with this Order requires:

18        (a) for information in documentary form (e.g., paper or electronic

19 documents, but excluding transcripts of depositions or other pretrial or trial

20 proceedings), that the Producing Party affix at a minimum, the legend

21 "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" (hereinafter

22 "CONFIDENTIAL legend"), to each page that contains protected material. If only

23 a portion or portions of the material on a page qualifies for protection, the

24 Producing Party also must clearly identify the protected portion(s) (e.g., by making

25 appropriate markings in the margins).

26        A Party or Non-Party that makes original documents available for inspection

27 need not designate them for protection until after the inspecting Party has indicated

28 which documents it would like copied and produced. During the inspection and

before the designation, all of the material made available for inspection shall be deemed "ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the  appropriate legend ("CONFIDENTIAL" or "ATTORNEYS' EYES ONLY') to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information  is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate.</u>  If timely corrected, an inadvertent

failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1      Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2      Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3      The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

1  DISPOSITION).

2    Protected Material must be stored and maintained by a Receiving Party at a

3  location and in a secure manner that ensures that access is limited to the persons

4  authorized under this Order.

5    7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless

6  otherwise ordered by the court or permitted in writing by the Designating Party, a

7  Receiving Party may disclose any information or item designated

8  "CONFIDENTIAL" only to:

9    (a) the Receiving Party's Outside Counsel of Record in this Action, as well

10  as employees of said Outside Counsel of Record to whom it is reasonably

11  necessary to disclose the information for this Action;

12    (b) the officers, directors, and employees (including House Counsel) of

13    the Receiving Party to whom disclosure is reasonably necessary for this

14  Action;

15    (c) Experts (as defined in this Order) of the Receiving Party to whom

16  disclosure is reasonably necessary for this Action and who have signed the

17  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

18    (d)    the court and its personnel;

19    (e)    court reporters and their staff;

20    (f)    professional jury or trial consultants, mock jurors, and Professional

21  Vendors to whom disclosure is reasonably necessary for this Action and who have

22  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

23    (g) the author or recipient of a document containing the information or a

24  custodian or other person who otherwise possessed or knew the information;

25    (h) during their depositions, witnesses, and attorneys for witnesses, in the

26  Action to whom disclosure is reasonably necessary provided: (1) the deposing

27  party requests that the witness sign the form attached as Exhibit A hereto; and (2)

28  they will not be permitted to keep any confidential information unless they sign the

1  "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

2  agreed by the Designating Party or ordered by the court. Pages of transcribed

3  deposition testimony or exhibits to depositions that reveal Protected Material may

4  be separately bound by the court reporter and may not be disclosed to anyone

5  except as permitted under this Stipulated Protective Order; and

6        (i) any mediator or settlement officer, and their supporting personnel,

7  mutually agreed upon by any of the parties engaged in settlement discussions.

8        7.3.   Disclosure of "ATTORNEYS' EYES ONLY" Information or Items.

9  Unless otherwise ordered by the court or permitted in writing by the Designating

10  Party, a Receiving Party may disclose any information or item designated

11  "ATTORNEYS' EYES ONLY" only to:

12        (a)    the Receiving Party's Outside Counsel of Record in this action, as

13  well as employees of said Outside Counsel of Record to whom it is reasonably

14  necessary to disclose the information for this Action;

15        (b)    Experts of the Receiving Party (1) to whom disclosure is reasonably

16  necessary for this litigation, and (2) who have signed the "Acknowledgment and

17  Agreement to Be Bound" (Exhibit A);

18        (c)    the court and its personnel;

19        (d)    court reporters and their staff;

20        (e)    professional jury or trial consultants, and Professional Vendors to

21  whom disclosure is reasonably necessary for this litigation and who have signed

22  the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

23        (f)    the author or recipient of a document containing the information or a

24  custodian or other person who otherwise possessed or knew the information; and

25        (g)    Any mediator or settlement officer, and their supporting personnel,

26  mutually agreed upon by any of the parties engaged in settlement discussions.

27

28        8. PROTECTED MATERIAL SUBPOENAED OR ORDERED

1  PRODUCED IN OTHER LITIGATION

2      If a Party is served with a subpoena or a court order issued in other litigation

3  that compels disclosure of any information or items designated in this Action as

4  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY,"  that Party must:

5      (a) promptly notify in writing the Designating Party. Such notification shall

6  include a copy of the subpoena or court order;

7      (b) promptly notify in writing the party who caused the subpoena or order to

8  issue in the other litigation that some or all of the material covered by the subpoena

9  or order is subject to this Protective Order. Such notification shall include a copy

10  of this Stipulated Protective Order; and

11      (c) cooperate with respect to all reasonable procedures sought to be pursued

12  by the Designating Party whose Protected Material may be affected.

13      If the Designating Party timely seeks a protective order, the Party served

14  with the subpoena or court order shall not produce any information designated in

15  this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before a

16  determination by the court from which the subpoena or order issued, unless the

17  Party has obtained the Designating Party's permission. The Designating Party shall

18  bear the burden and expense of seeking protection in that court of its confidential

19  material and nothing in these provisions should be construed as authorizing or

20  encouraging a Receiving Party in this Action to disobey a lawful directive from

21  another court.

22

23      9.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

24          PRODUCED IN THIS LITIGATION

25      (a) The terms of this Order are applicable to information produced by a Non-

26          Party in this Action and designated as "CONFIDENTIAL"  or

27          "ATTORNEYS' EYES ONLY."  Such information produced by Non-

28          Parties in connection with this litigation is protected by the remedies and

1    relief provided by this Order. Nothing in these provisions should be

2    construed as prohibiting a Non-Party from seeking additional protections.

3    (b)    In the event that a Party is required, by a valid discovery request, to

4    produce a Non-Party's confidential information in its possession, and the Party is

5    subject to an agreement with the Non-Party not to produce the Non-Party's

6    confidential information, then the Party shall:

7    (c)    promptly notify in writing the Requesting Party and the Non-Party

8    that some or all of the information requested is subject to a confidentiality

9    agreement with a Non-Party;

10    (d)    promptly provide the Non-Party with a copy of the Stipulated

11    Protective Order in this Action, the relevant discovery request(s), and a reasonably

12    specific description of the information requested; and

13    (e)    make the information requested available for inspection by the Non-

14    Party, if requested.

15    (f)    If the Non-Party fails to seek a protective order from this court within

16    14 days of receiving the notice and accompanying information, the Receiving

17    Party may produce the Non-Party's confidential information responsive to the

18    discovery request. If the Non-Party timely seeks a protective order, the Receiving

19    Party shall not produce any information in its possession or control that is subject

20    to the confidentiality agreement with the Non-Party before a determination by the

21    court. Absent a court order to the contrary, the Non-Party shall bear the burden and

22    expense of seeking protection in this court of its Protected Material.

23

24    10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

25    If a Receiving Party learns that, by inadvertence or otherwise, it has

26    disclosed Protected Material to any person or in any circumstance not authorized

27    under this Stipulated Protective Order, the Receiving Party must immediately (a)

28    notify in writing the Designating Party of the unauthorized disclosures, (b) use its

1  best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform

2  the person or persons to whom unauthorized disclosures were made of all the terms

3  of this Order, and (d) request such person or persons to execute the

4  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

5  A.

6

7       11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>

8  <u>PROTECTED MATERIAL</u>

9       When a Producing Party gives notice to Receiving Parties that certain

10  inadvertently produced material is subject to a claim of privilege or other

11  protection, the obligations of the Receiving Parties are those set forth in Federal

12  Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify

13  whatever procedure may be established in an e-discovery order that provides for

14  production without prior privilege review. Pursuant to Federal Rule of Evidence

15  502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure

16  of a communication or information covered by the attorney-client privilege or

17  work product protection, the parties may incorporate their agreement in the

18  stipulated protective order submitted to the court.

19

20       12. <u>MISCELLANEOUS</u>

21       12.1 Right to Further Relief. Nothing in this Order abridges the right of any

22  person to seek its modification by the Court in the future.

23       12.2 Right to Assert Other Objections. By stipulating to the entry of this

24  Protective Order no Party waives any right it otherwise would have to object to

25  disclosing or producing any information or item on any ground not addressed in

26  this Stipulated Protective Order. Similarly, no Party waives any right to object on

27  any ground to use in evidence of any of the material covered by this Protective

28  Order.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13. <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. Any violation of this Order may be punished by any and all appropriate

1 | measures including, without limitation, contempt proceedings and/or monetary
2 | sanctions.
3 |
4 |       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
5 |
6 | Dated:  August 22, 2016    By:   */s/ Trevor W. Barrett*
7 |         Scott A. Burroughs, Esq.
8 |         Trevor W. Barrett, Esq.
9 |         Justin M. Gomes, Esq.

DONIGER /BURROUGHS

Attorneys for Plaintiff

Dated:  August 22, 2016    By:   _____

D. Greg Durbin, Esq.
Shane G. Smith, Esq.
MCCORMICK, BARSTOW, SHEPPARD,
WAYTE, & CARRUTH LLP
Attorneys for Defendants,
Winston White, LLC, and Eminent, Inc. dba
"Revolve Clothing" and
www.revolveclothing.com

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:  August 23, 2016

_____ / s / _____

Honorable Alka Sagar
United States Magistrate Judge

**EXHIBIT A**
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on [date] _____ in the case of *Gold Value International Textile, Inc. v. Winston*

*White, LLC*, CD.Cal. Case No. 15-CV-09675-DSF-AS. I agree to comply with and

to be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order. I

further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint _____ [print or

type full name] of _____ [print or type

full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____